

**ORDERED in the Southern District of Florida on August 16, 2011.**

_____
Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re    ULDA JOSEPH                              Case No.  11-25899 RAM
                                                  Chapter 13
_____Debtor_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY WACHOVIA / WELLS FARGO**

THIS CASE came to be heard on August 16, 2011, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 16; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.    The value of the debtor's real property (the "Real Property") located at 506 NE 199 Lane R-6, Miami, FL 33179 , and more particularly

described as

> Unit No. 6, Building R, Phase IV, Sandpiper at the California Club, a condominium according to the Declaration of Condominium recorded in Official Records Book 10453, Page 2583 of the Public Records of Miami-Dade County, Florida

is $ 73,990 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Wachovia/Wells Fargo (the "Lender") is $ 199,466.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ -0-  and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ -0-.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on January 22 ,2007,  at OR BOOK 25293 Page 3461-3474 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

    XX    Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    ___    Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted by:
Carolina A. Lombardi
Florida Bar No.  241970
Attorney for Debtor
Legal Services of Greater Miami, Inc.
3000 Biscayne Boulevard Suite 500
Miami, FL 33137
Telephone: (305) 438-2427

Attorney Carolina A. Lombardi is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.